1 | **QUILL & ARROW, LLP**
Kevin Y. Jacobson (SBN 320532)
2 | Gregory Sogoyan, Esq. (SBN 316832)
3 | 10900 Wilshire Boulevard, Suite 300
Los Angeles, CA 90024
4 | Telephone:  (310) 933-4271
5 | Facsimile:   (310) 889-0645
E-mail:       kjacobson@quillarrowlaw.com
6 |                    gsogoyan@quillarrowlaw.com
                   e-service@quillarrowlaw.com
7 |
8 | Attorneys for Plaintiffs,
**HUMBERTO SILVA and**
9 | **LEGACY FREIGHT LINES**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| HUMBERTO SILVA, an individual, and LEGACY FREIGHT LINES LLC, California Limited Liability Company, | Case No.: |
|---|---|
| | **COMPLAINT** |
| Plaintiffs, | 1. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY** |
| vs. | 2. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY** |
| MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company, | 3. **VIOLATION OF THE SONG-BEVERLY ACT SECTION 1793.2** |
| Defendants. | |

COMPLAINT

Plaintiffs, HUMBERTO SILVA, an individual, and LEGACY FREIGHT LINES LLC, California Limited Liability Company, allege as follows against Defendant, MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company ("MERCEDES-BENZ USA, LLC") on information and belief, formed after a reasonable inquiry under the circumstances:

## INTRODUCTION

1. These causes of action arise out of the warranty obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle purchased by Plaintiffs and for which MERCEDES-BENZ USA, LLC issued a written warranty.

2. On November 12, 2020, Plaintiffs purchased a new 2021 Mercedes-Benz GLE53C4, having VIN No. 4JGFD6BB1MA328751 ("the Subject Vehicle"). The total sale price of the vehicle is $120,526.72. These causes of causes of action arise out of warranty and repair obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle Plaintiffs purchased and for which MERCEDES-BENZ USA, LLC issued a written warranty. The warranty was not issued by the selling dealership.

3. The Subject Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, the transmission, electrical, steering, structural, engine, and emission system defects.

4. Plaintiffs hereby revoke acceptance of the sales contract.

5. Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act") Civil Code sections 1790 et seq. the Subject Vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiffs has used the vehicle primarily for those purposes.

6. Plaintiffs are "buyers" of consumer goods under the Act.

7. Defendant MERCEDES-BENZ USA, LLC is a "manufacturer" and/or "distributor" under the Act.

8. Plaintiffs hereby demand trial by jury in this action.

**<u>Plaintiffs' Repair History of the Subject Vehicle</u>**

9. The following is a summary of some pertinent portions of the repair visits for the Subject Vehicle.

10. On or about February 1, 2021, with approximately 4,070 miles on the odometer, Plaintiffs presented the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of Riverside, because the dash rattles while driving over speed bumps. Defendant's technician verified Plaintiffs' complaint regarding the dash rattle. Moreover, Plaintiffs complained about the vehicle jerking really hard when shifting. The driver seat massage also was not working. Defendant's technician verified the driver seat massage was not working and performed repairs under warranty. The Subject Vehicle was out of service for approximately 4 days during this repair attempt.

11. On or about May 24, 2021, with approximately 9,116 miles on the odometer, Plaintiffs presented the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of Riverside, complaining about various complaints on the instrument cluster, including the steering and collision unavailable, and the camera view restricted. Moreover, Plaintiffs complained that when the vehicle is parked and unlocked, the vehicle will not lock itself and the key will be in the vehicle. The Subject Vehicle was out of service for approximately 3 days during this repair attempt.

12. On or about June 8, 2021, with approximately 10,152 miles on the odometer, Plaintiffs presented the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of Riverside, complaining that the vehicle has a repeat issue with the Start/Stop feature—specifically that the vehicle will be parked and locked and will come out to the vehicle an hour or two later and the driver side headlamp of headlamp or passenger side headlamp will be on. Moreover, Plaintiffs notified Defendant's dealership that the gears feel like they are not engaging but  The Subject

1  Vehicle was out of service for approximately 11 days during this repair attempt.

2        13.    On or about October 8, 2021, Plaintiffs towed the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of Riverside, complaining that the vehicle would not shift from second to third when on the freeway, and that the RPMs were revving up. Moreover, Plaintiff complained about the air conditioner screen not working when touching the screen. Additionally, Plaintiff complained that the vehicle's Start/Stop would not restart at a stop.

      14.    On or about September 21, 2021, with approximately 17,246 miles on the odometer, Plaintiffs presented the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of Riverside, because the vehicle jolts at a stop as if getting rear-ended. Moreover, Plaintiffs notified the dealership that the vehicle's transmission will not shift into third gear automatically when in sport or sport plus and that the RPMs will rev up but will not shift into third gear. Additionally, the Check Engine Light illuminates and the engine fans work loudly. In addition to the engine concerns, Plaintiffs also informed the dealership that the vehicle's head lights will not turn off at times after locking the vehicle. Defendant's dealership also performed a safety update through MBUX. The Subject Vehicle was out of service for approximately 4 days during this repair opportunity.

      15.    On or about October 8, 2021, with approximately 18,763 miles on the odometer, Plaintiffs towed the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of Riverside, because the vehicle would not start and multiple malfunction indicator lights were illuminated. Plaintiffs again complained that the vehicle will not shift from second to third gear while driving on the freeway, and the RPMs revved up. The vehicle would not restart after it finally shut off. Defendant's technicians found that the battery had an internal malfunction. The Subject Vehicle was out of service for approximately 14 days during this repair opportunity, and the repairs were performed under warranty.

16. On or about December 17, 2021, with approximately 22,740 miles on the odometer, Plaintiffs presented the Subject Vehicle to Defendant's authorized repair facility, Mercedes-Benz of Riverside, with ongoing transmission concerns, including that the vehicle will not shift out of Park. Moreover, Plaintiffs informed the dealership that the vehicle will not start. Plaintiffs provided videos of the ongoing concerns. The Subject Vehicle was out of service for approximately 8 days during this repair opportunity.

17. None of the aforementioned repair attempts successfully repaired the Subject Vehicle, including the ongoing engine and electrical defects.

18. Thereafter, Plaintiffs continued to experience symptoms of the various defects despite Defendant's representation that the Subject Vehicle was repaired.

19. Defendant was under an affirmative duty under the Song-Beverly Consumer Warranty Act to promptly offer to repurchase or replace the Subject Vehicle as soon as it failed to conform the Subject Vehicle to the terms of the express warranty after a reasonable number of repair attempts.

20. Despite having no obligation to do so, prior to filing this lawsuit, Plaintiffs contacted Defendant MERCEDES-BENZ USA, LLC directly and requested a repurchase of the Subject Vehicle due to the ongoing issues that Defendant and its authorized repair facilities could not repair to conform to the terms of its written warranties within a reasonable number of repair opportunities. Defendant denied Plaintiffs' request.[1]

## JURISDICTION AND VENUE

21. This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1332 *et seq.*, because amount of recovery sought by Plaintiffs exceed the jurisdictional amount of $75,000.00, and there is complete diversity amongst the parties.

---

[1] "A manufacturer's duty to replace a vehicle does not depend on a consumer's request, but instead arises as soon as the manufacturer fails to comply with the warranty within a reasonable time. *Krotin v. Porsche Cars North America, Inc.*, 38 Cal.App.4th 294, 301-302 (1995). *Krotin* court noted that "[a]n automobile manufacturer need not read minds to determine which vehicles are defective; it need only read dealers' services records." *Id.* at 303.

22. The Subject Vehicle, as reflected in the sales contract, has an total sale price of $120,526.72. Pursuant to the Song-Beverly Act, Plaintiffs are seeking general, special, and actual damages, as well as civil penalties, up to two times the amount of actual damage. As such, Plaintiffs seeks in the approximate amount of $361,580.16. Plaintiffs are also seeking reasonable attorneys' fees under the Act. Accordingly, Plaintiffs' claims meet the jurisdictional threshold required under 28 U.S.C. § 1332 (a).

23. Complete diversity exists as Plaintiffs, HUMBERTO SILVA and LEGACY FREIGHT LINES LLC, are citizens of the State of California.

24. With respect to Defendant, MERCEDES-BENZ USA, LLC, the citizenship of limited liability company for diversity jurisdiction purposes is determined by examining the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899-900 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021-22 (11th Cir. 2004). Moreover, a member of a limited liability company is a person who has been admitted to a limited liability company as a member. *See* Cal. Corp. Code § 17701.02, subd. (p.); 6 Del. Code § 18-101, subd. (13); 6 Del. Code §§ 18-301 et seq.

25. Defendant, MERCEDES-BENZ USA, LLC, is a Delaware Limited Liability Company operating and doing business in the State of California. As reflected within Defendant's Statement of Information filed with the California Secretary of State, none of the individual members listed within are citizens of the state of California. Rather, the Statement of Information expressly indicates a Georgia address for each listed member. Accordingly, the members of MERECEDES-BENZ USA, LLC'S are citizens of the state of Georgia and not California, as reflected within Section D of the Statement of Information, filed by Defendant on September 15, 2020. A true and correct copy of Defendant, Mercedes-Benz USA, LLC's Statement of Information is attached herewith as **Exhibit A**.

**COMPLAINT**

26. As such, none of Defendant's members, as a limited liability company, is a citizen of the state of California. Accordingly, there is complete diversity amongst the parties under 28 U.S.C. § 1332. (a) (1), as Plaintiffs have now alleged sufficient facts to establish subject matter jurisdiction.[2]

27. Venue is proper in, and Defendants are subject to the personal jurisdiction of, this court because the Subject Vehicle was purchased at Walter's Mercedes-Benz of Riverside, a MERCEDES-BENZ USA, LLC authorized dealership and repair facility, located at 3213 Adams St., Riverside, CA 92504.

28. Venue is also proper, as Plaintiff, HUMBERTO SILVA, is an individual residing in the City of Hesperia, State of California.

29. Venue is also proper, as Plaintiff, LEGACY FREIGHT LINES LLC, is a California Limited Liability Company incorporated in California primarily doing business in the City of Avocado Heights, State of California.

30. Venue is also proper, as Defendant, MERCEDES-BENZ USA, LLC, is and was a Delaware Limited Liability Company operating and doing business in the State of California

31. All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

32. Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiffs for the relief prayed for herein.

---

[2] The Federal Rules are designed to minimize disputes over pleading technicalities. *See Ashcroft v. Iqbal*, 556 US 662, 678 (2009). A complaint is sufficient if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corporation et al. v. Twombly*, 550 U.S. 544, at 555 (2007); see *Starr v. Baca,* 652 F3d 1202, 1212 (9th Cir. 2011) (discussing traditional liberal theory of Rule 8(a)). In determining the sufficiency of a pleading, allegations of material fact are taken as true and construed in the light most favorable to the pleader. *See Erickson v. Pardus*, 551 US 89, 94 (2007) (emphasis added); *see also Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001 (9th Cir. 2008*); accord Proft v. Raoul*, 944 F3d 686, 690 (7th Cir. 2019).

## DEMAND FOR JURY TRIAL

33. Plaintiffs, HUMBERTO SILVA and LEGACY FREIGHT LINES LLC, hereby demand a trial by jury in this action.

## FIRST CAUSE OF ACTION

### Violation of the Song-Beverly Act – Breach of Express Warranty

34. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

35. These causes of causes of action arise out of warranty and repair obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle Plaintiffs purchased and for which MERCEDES-BENZ USA, LLC issued a written warranty. The warranty was not issued by the selling dealership.

36. The Subject Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, transmission, electrical, steering, structural, engine, and emission system defects.

37. Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act") Civil Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiffs has used the Subject Vehicle primarily for those purposes.

38. Plaintiffs are the "buyers" of consumers goods under the Act.

39. Defendant MERCEDES-BENZ USA, LLC is a "manufacturer" and/or "distributor" under the Act.

40. The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value, and/or safety of the vehicle.

41. Plaintiffs delivered the vehicle to an authorized MERCEDES-BENZ USA, LLC repair facility for repair of the nonconformities.

42. Defendant was unable to conform Plaintiffs' vehicle to the applicable express warranty after a reasonable number of repair attempts.

43. Notwithstanding Plaintiffs' entitlement, Defendant MERCEDES-BENZ USA, LLC has failed to either promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

44. By failure of Defendant to remedy the defects as alleged above, or to issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

45. Under the Act, Plaintiffs are entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiffs prior to the first presentation of the nonconformities.

46. Plaintiffs are entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

47. Plaintiffs are entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

48. Because Defendant willfully violated the Song-Beverly Act, Plaintiffs is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for MERCEDES-BENZ USA, LLC's willful failure to comply with its responsibilities under the Act.

## SECOND CAUSE OF ACTION

**Violation of the Song-Beverly Act – Breach of Implied Warranty**

49. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

50. MERCEDES-BENZ USA, LLC and its authorized dealership at which

Plaintiffs purchased the subject vehicle had reason to know the purpose of the Subject Vehicle at the time of sale of the subject vehicle. The sale of the Subject Vehicle was accompanied by implied warranties provided for under the law.

51. Among other warranties, the sale of the Subject Vehicle was accompanied by an implied warranty that the Subject vehicle was merchantable pursuant to Civil Code section 1792.

52. The Subject Vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with one or more defective vehicle systems/components.

53. The Subject Vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with one or more defective vehicle systems/components.

54. The Subject Vehicle was not of the same quality as those generally accepted in the trade because it was sold with one or more defective vehicle systems/components which manifested as transmission, electrical, steering, structural, engine, and emission system defects.

55. Upon information and belief, the defective vehicle systems and components were present at the time of sale of the Subject Vehicle; thus, extending the duration of any implied warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other applicable laws.

56. Plaintiffs are entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, *et seq*.

57. Plaintiffs hereby revoke acceptance of the Subject Vehicle.

58. Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq*.

59. Plaintiffs are entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq*. and Commercial Code, section 2711.

60. Plaintiffs are entitled to recover any incidental, consequential, and/or "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

## THIRD CAUSE OF ACTION

### Violation of the Song-Beverly Act Section 1793.2(b)

61. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

62. Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

63. Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of goods are necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative.

64. Civil Code, section 1793.2, subdivision (b) further states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable time.

65. The sale of the Subject Vehicle was accompanied by express warranties, including a warranty guaranteeing that the subject vehicle was safe to drive and not equipped with defective parts, including the transmission, electrical, steering, structural, engine, and emission system defects.

66. Plaintiffs delivered the subject vehicle to MERCEDES-BENZ USA, LLC's authorized service representatives on multiple occasions. The subject vehicle was delivered for repairs of defects, which amount to nonconformities to the express warranties that accompanied the sale of the subject vehicle.

67. Defendant's authorized facilities did not conform the Subject Vehicle to warranty within 30-days and/or commence repairs within a reasonable time and MERCEDES-BENZ USA, LLC has failed to tender the subject vehicle back to Plaintiffs in conformance with its warranties within the timeframes set forth in Civil Code section 1793.2(b). (¶¶ 10-18.)

68. Plaintiffs are entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, *et seq*.

69. Plaintiffs hereby revoke acceptance of the subject vehicle.

70. Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq*.

71. Plaintiffs are entitled to rescission of the contract pursuant to Civil Code section 1794, *et seq*. and Commercial Code, section 2711.

72. Plaintiffs are entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, *et seq*.

73. Plaintiffs are entitled to recover all incidental and consequential damages pursuant to 1794 *et seq*. and Commercial Code sections, 2711, 2712, and 2713 *et seq*.

74. Plaintiffs are entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that MERCEDES-BENZ USA, LLC has willfully failed to comply with its responsibilities under the Act.

///
///
///
///
///
///
///
///

-11-
**COMPLAINT**

## PRAYER FOR RELIEF

1. For general, special, and actual damages according to proof at trial;
2. For recission of the purchase contract and restitution of all monies expended;
3. For diminution in value;
4. For incidental and consequential damages according to proof at trial;
5. For civil penalty in the amount of two times Plaintiffs' actual damages;
6. For prejudgment interest at the legal rate;
7. For reasonable attorneys' fees and costs of suit; and
8. For such other and further relief as the Court deems just and proper under the circumstances.

Dated:   May 23, 2022

QUILL & ARROW, LLP

_____
Kevin Y. Jacobson, Esq.
Attorney for Plaintiffs,
**HUMBERTO SILVA**
**LEGACY FREIGHT LINES LLC**